UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MORRIS ANSCHEL, | Civil Action No.: 4:10-cv-1651-TLW-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| EDWARD D. JONES & CO., L.P., | |
| Defendants. | |

## I. INTRODUCTION

In this employment discrimination case, Plaintiff brings causes of action for religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., age discrimination in violation of Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., as well and state law causes of action for wrongful termination and retaliation, intentional infliction of emotional distress and defamation. Presently before the Court is Defendant's Motion to Dismiss and Compel Arbitration or, in the Alternative, to Stay and Compel Arbitration (Document # 7). Plaintiff has not filed a Response to the Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve

conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999), Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Materials outside the pleadings which relate to jurisdiction can be considered on a motion to dismiss for lack of jurisdiction. Land v. Dollar, 330 U.S. 731, 735, 67 S.Ct. 1009, 1011, 91 L.Ed. 1209 (1947); Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 n.29 (9th Cir.), cert. denied, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed. 2d 932 (1982). Whether the parties have agreed to arbitrate their disputes is a jurisdictional question. See Bhd of Ry. & S.S. Clerks v. Norfolk S. Ry. Co., 143 F.2d 1015, 1017 (4th Cir.1944)( "Arbitration deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreement to arbitrate."). Thus, the Court may consider materials outside the pleadings to determine whether a valid arbitration agreement exists.

## III. DISCUSSION

Plaintiff was employed by Defendant Edward D. Jones & Co., L.P. (Edward Jones) as a personal financial advisor in an office of Edward Jones located in Horry County. Am. Compl. ¶ 5. When he was hired by Edward Jones, Plaintiff and an Edward Jones' representative signed an "Investment Representative Employment Agreement" (the Agreement). See Investment Representative Employment Agreement (attached as Exhibit A to Defendant's Motion); Bert Griffin Affidavit ¶¶ 3-4 (attached as Exhibit B to Defendant's Motion). The Agreement contains a mandatory arbitration provision stating as follows:

> You agree that any dispute, claim or controversy arising under this Agreement or as a result of your employment with Edward Jones between you and Edward Jones or any present or former employee, agent, officer, director, affiliate, or partner of Edward Jones shall be resolved by arbitration and without resort to litigation in court. Any arbitration proceedings shall be conducted in accordance with the rules then in effect of the Board of Directors of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. This agreement to arbitrate disputes shall survive the termination of your employment with Edward Jones. This provision shall in no way affect or impair Edward Jones' right under any other provision of this Agreement to obtain equitable relief from a court of competent jurisdiction, which relief may remain in full force and effect pending the outcome of arbitration proceedings.

Agreement ¶ 13; Griffin Aff. ¶ 5. At the end of the employment agreement, immediately above the signature block, is a restatement of the arbitration agreement (in bold, all-capital font) that states as follows: "**THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES**." Agreement p 6.

Plaintiff's employment with Edward Jones was terminated on or about June 10, 2008. Griffin Aff. ¶ 6.

The purpose of the Federal Arbitration Act (FAA) "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). Courts should conduct a limited review of arbitration agreements to determine whether a valid arbitration agreement exists and that the specific dispute falls within the substantive scope of the agreement. Hooters of America, Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999).

The "liberal federal policy favoring arbitration agreements manifested by this provision and the Act as a whole, is at bottom a policy guaranteeing the enforcement of private contractual arrangements; the Act simply 'creates a body of federal substantive law establishing and regulating

the duty to honor an agreement to arbitrate.'" Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985) (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hospital, 460 U.S. at 24-25. As with any other contract "the parties intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi, 473 U.S. at 625. "A party resisting arbitration of course may attack directly the validity of the agreement to arbitrate." Id. at 632. Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416 (4th Cir. 2000)(quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960)).

There has been no dispute presented challenging the validity of the agreement to arbitrate. The undisputed record presented shows a written agreement to arbitrate supported by valuable consideration. An arbitration agreement is supported by adequate consideration when the parties mutually agree to be bound by the arbitration process and the agreement does not permit the employer to ignore the results of arbitration. See e.g., Adkins v. Labor Ready, Inc., 303 F.3d. 496, 501 (4th Cir. 2002) (finding that the agreement to be bound by arbitration is adequate consideration); Johnson v. Circuit City Stores, 148 F.3d 373 (4th Cir. 1998) (finding arbitration agreement where employee and employer are bound gives adequate consideration). There is no argument presented that Edward Jones could ignore the results of arbitration. Thus, the arbitration agreement entered into by the parties is valid. Further, the arbitration agreement encompasses any claim arising as a

result of Plaintiff's employment, which includes all of the claims asserted by Plaintiff in this action. Claims of employment discrimination may properly be made the subject of mandatory arbitration. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 116-17 (2001). Therefore, Plaintiff's claims all fall within the scope of the arbitration agreement and are subject to arbitration.

## IV. CONCLUSION

Because all of Plaintiff's claims are covered by the arbitration agreement, dismissal of this action to pursue arbitration is a proper remedy. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F. 3d 707, 709-10 (4th Cir. 2001). Therefore, it is recommended that Defendant's Motion to Dismiss and Compel Arbitration or, in the Alternative, to Stay and Compel Arbitration (Document # 7) be granted and the case be dismissed.[1]

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

October 12, 2010
Florence, South Carolina

---

[1] As noted above, Plaintiff failed to file a Response to Defendant's Motion to Dismiss and Compel Arbitration or, in the Alternative, to Stay and Compel Arbitration.